

**ORDERED in the Southern District of Florida on September 25, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:  
KARLA B VARELA

CASE NO. 19-18767-RAM  
Chapter 13

_____Debtor._____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY REAL TIME RESOLUTIONS, INC, DE 18

THIS CASE came to be heard on September 17, 2019 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by Real Time Resolutions, Inc* (DE 18; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 3101-3103 NW 9TH Avenue, Miami, FL 33127, and more particularly described as

**Legal Description: LOT 3, LESS THE SOUTH 10 FEET, THEREOF, BLOCK 4, DE LEON PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 3, AT PAGE 165, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

   is $ 197,339.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of __Real Time Resolutions, Inc.__ (the "Lender") is $283,378.62.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ __0.00__ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on January 21, 2005, at OR BOOK 23018 Pages 1306-1309 (4 pages) of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

LF-92 (rev. 11/01/17)

   \_\_\_\_\_    Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

   __X__    Lender filed a proof of claim 4-1 in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ __88,104.91__, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Ricardo Corona, Esq
Bar No. 111333
BK@coronapa.com
Corona Law Firm, P.A
3899 NW 7 ST #202-B
MIAMI, FL 33126

LF-92 (rev. 11/01/17)

Phone: (305)547-1234
Fax: (888)554-5607

Attorney Ricardo Corona is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.